United States District Court
Southern District of Texas
**ENTERED**
April 29, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

THOMAS THOMPSON,                    §
                                    §
        Plaintiff,                  §
                                    §
V.                                  §        CIVIL ACTION NO. H-17-2847
                                    §
XL PARTS LLC a/k/a XL PARTS,        §
                                    §
        Defendant.                  §

## <u>MEMORANDUM AND RECOMMENDATION</u>

Pending in this case that has been referred for all further pre-trial proceedings is Defendant's Motion for Summary Judgment (Document No. 17). Having considered that motion, Plaintiff's response in opposition (Document No. 22), Defendant's reply (Document No. 23), the claim(s) alleged in Plaintiff's Original Complaint, the summary judgment evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion for Summary Judgment be GRANTED.

## I.      Background

This is an employment discrimination case brought by Plaintiff Thomas Thompson ("Thompson") against his former employer XL Parts, LLC ("XL Parts") for sex discrimination and retaliation. Thompson alleges in his Original Complaint that "Defendant took a stance where they treated female employees more favorably than they did him," and that Defendant "failed to allow [him] to address his accusers and accusations in detail [that he made female employees uncomfortable] on at least two occasions," thereby treating him "less favorably than female employees." The _entirety_ of Thompson's allegations are as follows:

4.1     Plaintiff worked for XL Parts LLC (Defendant) for approximately three years as Training and Development Manager. Defendant never disciplined him or wrote him up for any misconduct or behavioral issues.

4.2     Defendant took a stance with Plaintiff where they treated female employees more favorably than they did him.

4.3     Plaintiff maintained a practice where he took all new hires to lunch. Defendant informed Plaintiff that he was not allowed to put himself in a position where he was to be one on one with a female employee at the same time refusing to allow him to find out if he did anything that made a female uncomfortable. Plaintiff made two other requests to obtain this information and Human Resources ignored him. Defendant did not ignore the female employee.

4.4.     On another occasion, Defendant told Plaintiff a female employee was uncomfortable with him in her store (Plaintiff was there to train and coach her). To the contrary, the female told him she was not uncomfortable with him and didn't have any problems with him in her store.

4.5     Plaintiff had requested a meeting with this employee, human resources, his supervisor and the Dallas General manager. Defendant refused. To the contrary, when Plaintiff's female human resources counterpart requested to discuss the same issues about him in the presence of Defendant's president, the COO, CFO, the Houston general manager, the field trainer and the president of Marubeni North America, Defendant acquiesced. This was inappropriate.

4.6     Defendant wholly failed to allow Plaintiff to address his accusers and accusations in detail on at least two occasions. Defendant treated Plaintiff less favorably than female employees.

4.7     Defendant terminated Plaintiff on June 14, 2016.

4.8     Defendant has discriminated against Plaintiff, in violation of Title VII of the Civil Rights Act as amended.

Complaint (Document No. 1) at 2-3. Given the paucity of allegations, XL Parts filed a Rule 12(b)(6)

Motion to Dismiss and, alternatively, Motion for a More Definite Statement (Document No. 6). On

September 5, 2018, the Court denied without prejudice XL Parts' Rule 12(b)(6) Motion to Dismiss

for Failure to State a Claim, but granted XL Parts' Motion for More Definite Statement and ordered

Thompson to re-plead within fourteen days (Document No. 13). To this date, Thompson has not re-pleaded or otherwise complied with the September 5, 2018 Order.

XL Parts now seeks summary judgment on Thompson's claim(s), arguing that Thompson has no evidence to support a sex discrimination claim, and that he has not only failed to re-plead his claim, he has failed to participate in discovery of any kind. Thompson, in response, has submitted his own Declaration (Document No. 22-2), along with three exhibits: an Employer response to Notice of Application for Unemployment Benefits (Document No. 22-3), an XL Parts Corrective Action "form" (Document Nos. 22-4 and 22-5), and an email exchange between Curt Miles and Jose Ferraracci (Document No. 22-6). XL Parts, in reply, argues that nothing Thompson has submitted raises a genuine issue of material fact on the required elements of a prima facie claim. In addition, XL Parts argues that the exhibits attached to Thompson's Declaration are not admissible. For the reasons that follow, the Magistrate Judge concludes that summary judgment is warranted on Thompson's claim(s).

## II.     Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating that there exists no genuine issue of material fact. *Brandon v. Sage Corp.*, 808 F.3d 266, 269—70 (5th Cir. 2015) (citing *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986)). Once the moving party meets its burden, the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists" and that summary judgment should not be granted.

*Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).[1] A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, the non-movant "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Brandon*, 808 F.3d at 270 (quoting *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006)).

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are to be viewed in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018). "If the record, viewed in the light most favorable to non-movant, could not lead a rational trier of fact to decide in non-movant's favor, summary judgment is appropriate." *Allen v. Radio One of Texas II, LLC*, 515 Fed. Appx 295, 299 (5th Cir. 2013) (citing *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Kelley*, 992 F.2d at 1413. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2513 (1986).

---

[1] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marin Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).

### III.   Discussion

As an initial matter it must be first noted that while Thompson alleged in his Original Complaint that XL Parts "continued to retaliate against [him] after his employment was wrongfully terminated," he alleged absolutely no facts in his Complaint in support of a retaliation claim.   As such, Thompson did not state a retaliation claim against Defendant.[2]

With respect to Thompson's sex discrimination claim, he alleges that XL Parts treated female employees more favorably than him, and alleges that females had their complaints heard by both Human Resources and management members at the upper echelons when he was not afforded the same opportunity.   But, as pointed out XL Parts in its Motion for Summary Judgment and Reply briefing, that female employees' complaints were heard and his were not does not suffice for purposes of a *prima facie* case of discrimination because Thompson has not shown, and cannot show, that he was similarly situated to the female employees who made complaints about him.

Title VII prohibits an employer from discharging or otherwise discriminating against any individual because of such individual's race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2(a)(1).   For discrimination based on disparate treatment, as is at issue in this case, a plaintiff must either offer direct evidence of discrimination or utilize the indirect method of proof set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 162 (5th Cir.), *cert. denied*, 519 U.S. 1029 (1996); *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995).   Here, because there is no direct evidence of

---

[2] For retaliation claims under Title VII, a plaintiff must first establish a *prima facie* case with allegations and proof that: (1) the plaintiff engaged in protected activity, (2) an adverse employment action occurred, and (3) a causal link exists between the protected activity and the adverse employment decision. *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 & n.8 (5th Cir. 1988).

discrimination,[3] Thompson must utilize the indirect method of proof set forth in *McDonnell Douglas*. Under that burden-shifting indirect method a proof, a plaintiff must first establish a *prima facie* case of discrimination. A *prima facie* case of disparate treatment discrimination under Title VII requires proof that the plaintiff (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was treated less favorably than those outside the protected class. *Okoye v. Univ. of Texas Houston Health Science Center*, 245 F.3d 507, 512-13 (5th Cir. 2001); *Rutherford v. Harris County*, 197 F.3d 173, 184 (5th Cir. 1999). Sex, race, and national origin are all protected classes. 42 U.S.C. § 2000e-et seq; 29 U.S.C. 623(a)(1). A plaintiff is "qualified" for a position if the "objective requirements" for the position are met. *Johnson v. Louisiana*, 351 F.3d 616, 622 (5th Cir. 2003). A plaintiff suffers an adverse employment action when there is "a significant change in [the plaintiff's] employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Butler v. Ysleta Indep. Sch. Dist.*, 161 F.3d 263, 268 (5th Cir. 1998) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. at 761). A plaintiff is treated "less favorably" when the defendant gives preferential treatment to [a member outside the protected class]

---

[3] "Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions." *Bodenheimer v. PPG Indus. Inc.*, 5 F.3d 955, 958 (5th Cir. 1993). For a statement to suffice as direct evidence of discrimination, the statement must directly suggest the existence of bias and must not be subject to interpretation as anything other than a reflection of bias. *See Mooney v. Aramco Svcs. Co.*, 54 F.3d 1207, 1217 (5th Cir. 1995) (citing *Davis v. Chevron U.S.A. Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994)); *see also Maestas v. Apple, Inc.*, 546 F. App'x 422, 427-28 (5th Cir. 2013) ("A comment demonstrates an employer's discriminatory intent if it is 'direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee.'") (quoting *Moss v. BMC Software, Inc.*, 610 F.3d 917, 929 (5th Cir. 2010)).

under 'nearly identical' circumstances." *Little v. Republic Refining Co., Ltd.*, 924 F.2d 93, 97 (5[th]

Cir. 1991); *see also Aguinaga v. Texas Alcohol and Beverage Comm'n*, 98 Fed. Appx. 328, 331,

2004 WL 1161914 (5th Cir. 2004) (the differing treatment must be under nearly identical

circumstances to satisfy the fourth element of a *prima facie* case of disparate treatment).

Once a *prima facie* case has been established, the burden shifts to the employer to articulate

a legitimate, non-discriminatory reason for its actions. *See McDonnell Douglas,* 411 U.S. at 802.

"The defendant's burden during this second step is satisfied by producing evidence, which, '*taken

as true*, would *permit* the conclusion that there was a nondiscriminatory reason'" for the defendant's

adverse hiring decision. *Price v. Federal Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (quoting

*St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993) (emphasis in original)). If the employer

sustains its burden, the *prima facie* case is dissolved, and the burden shifts back to the plaintiff to

establish that the reason proffered by the employer is merely a pretext for discrimination. *Id.*;

*McDonnell Douglas,* 411 U.S. at 802-803. To demonstrate a "pretext for discrimination" the

plaintiff must show both that the employer's proffered reason was false, that is, not its true reason,

or that the reason is "unworthy of credence". *Reeves v. Sanderson Plumbing Products, Inc.*, 530

U.S. 133, 143 (2000); *see also Jackson*, 602 F.3d at 378-79 ("A plaintiff may show pretext 'either

through evidence of disparate treatment or by showing that the employer's proffered explanation is

false or 'unworthy of credence.'"). A plaintiff can avoid summary judgment on a Title VII claim if,

at the third step of the burden shifting analysis, the plaintiff can "substantiate his claim of pretext

through evidence demonstrating that discrimination lay at the heart of the employer's decision."

*Price*, 283 F.3d at 720.

Here, as argued by XL Parts, there is no summary judgment evidence in the record to support

7

a *prima facie* case of sex discrimination. While Thompson claims discrimination based on his sex, and he was qualified for the position he held, and he suffered an adverse employment action when his employment was terminated, there is no summary judgment evidence that a similarly situated female was treated more favorably than he. The summary judgment evidence shows that Thompson was terminated after he failed to heed his supervisors' warnings not to engage inappropriately and unprofessionally with female employees of XL Parts. *See* Corrective Action Form (Document No. 22-5). Although Thompson complains, in both his Complaint and in the Declaration he submitted with his Response to XL Parts' Motion for Summary Judgment, that he was not afforded a meeting with Human Resources and a female employee who was alleged to have reported that Thompson made her "uncomfortable," he has not pointed to any female employee who was treated more favorably than he under substantially similar circumstances. As pointed out by XL Parts, "this is not a case where [Thompson] lodged complaints against female employees that were disregarded or not addressed by XL Parts." XL Parts' Reply (Document No. 23) at 2. Instead, because Thompson complains that he was not allowed to confront his female accuser(s), and because there is no female comparator he can point to who was allowed to confront an "accuser," Thompson's summary judgment evidence does not raise a genuine issue of material fact on an essential element of his *prima facie* case. As for Thompson's position and argument that he had "complaints" which Human Resources did not address, those "complaints" were about how Human Resources was handling the complaints *against him*, and were not premised on any independent complaint *he* had made about any fellow-employee's behavior *towards him*. *See* Thompson Declaration (Document No. 22-2) at 2-3. Consequently, Thompson's Declaration does not support a *prima facie* case of disparate treatment sex discrimination, and Defendant XL Parts is entitled to summary judgment on

8

Thompson's Title VII sex discrimination claim.

Furthermore, even if it could be said that Thompson had established a *prima facie* case of sex discrimination, Defendant XL Parts would alternatively be entitled to summary judgment at the pretext stage.   Defendant XL Parts has offered a legitimate, nondiscriminatory reason for Thompson's termination – his behavior which was characterized as bordering on harassment.[4]   While

---

[4] In the Corrective Action Form, XL Parts set forth the basis for Thompson's termination as follows:

As recent as last week TJ [Thompson] made two new attempts to get Gretchen Jordan to call Mike Bryk or Frank Garcia stating that she had called to have TJ come to her store on the day in question.  This caused her to feel uncomfortable working with him and that this was a concern as Frank Garcia/Ali Attayi/Mike Bryk do not trust him and that Joe does not like him.  He kept asking about her telling Joe Ferrncci about not being comfortable and that he had come at her request.  This first conversation took place on June 7th when Gretchen Jordan called TJ [Thompson] to discuss the new trainee Jose.  Gretchen Jordan told him she would call Frank Garcia or Mike Bryk as she did not feel comfortable about it. On Friday June 10th TJ [Thompson] called her left a message and again tried to get her to make the call.  She again refused and said she was busy.  She let her immediate supervisor (Curt) know that she had had the two conversations and felt very uncomfortable about the tone of the calls.  Joe Ferracci followed with a conversation with Gretchen Jordan who again stated how uncomfortable she was. Even though on numerous occasions TJ [Thompson] was told not to get in touch, except about work, with Gretchen and have any additional conversations regarding the incident he decided to do so.  TJ [Thompson] also failed to provide Mike Bryk with a weekly schedule.

* * *

because TJ [Thompson] continues to engage in behavior which is bordering on harassment in its very nature we have no alternative than to [terminate] his employment with XL Parts.  He has been told that he is not to engage team members and that even though Gretchen will not admit to TJ [Thompson] she reported his behavior it is only her way to avoid additional conflict.  She has reached out to her immediate boss Curt and the GM of Dall personally spoke with her to confirm her side of the story.  Robin Geib followed up with Gretchen Jordan 6/13/2016. . . . We can no longer trust that TJ [Thompson] will not [engage] in inappropriate behavior while working.

9

Thompson does not believe his behavior was harassing, and states in his Declaration that he was doing nothing more than trying to speak to and confront the female employee who is alleged to have reported that Thompson made her "uncomfortable," *see* Thompson Declaration (Document No. 22-2) at 2, Thompson has come forth with no summary judgment evidence that XL Parts' reason for his termination was false or unworthy of credence. In addition, the contents of Thompson's Declaration, coupled with the email exchange between Curt Miles and Joe Ferraracci (Document No. 22-6) in which Curt Miles explained the position of the female employee (Gretchen Jordan) who had complained about Thompson making her feel uncomfortable,[5] do not, when taken in a light most favorable to Thompson as the non-movant, raise a genuine issue of material fact on whether sex discrimination lay at the heart of XL Parts' decision to terminate Thompson. For that additional reason, XL Parts is entitled to summary judgment on Thompson's sex discrimination claim.

_____

(Document No. 22-5).

[5] In the email, Curt Miles explained, as follows, why Gretchen Jordan told Thompson over the phone that she hadn't complained about him:

> .... On Friday morning Gretchen called me and told me she just got off the phone with TJ [Thompson] and he was asking her to give a statement to Mike and Frank that she didn't tell Joe she was uncomfortable with TJ [Thompson]. Gretchen told him she needed to go and got off the phone. She then relayed the conversation from Tuesday that she did tell TJ [Thompson] that she didn't tell Joe that she was uncomfortable around him. She did tell me this in confidence and I relayed it to Joe via a statement I gave at the time. She doesn't want anyone not to like her and was upset that things she said to me got back to TJ [Thompson].

(Document No. 22-6). This email, even though it has not been authenticated and may be incomplete, as objected to by XL Parts, does not support Thompson's sex discrimination claim and does not constitute summary judgment evidence that XL Parts' reason for terminating Thompson was false, unworthy of credence, or a pretext for sex discrimination. Instead, it is evidence to the contrary and that regardless of what Gretchen Jordan told Thompson over the phone about her complaints, she *had* reported to her supervisor that Thompson made her uncomfortable.

## IV.   Conclusion and Recommendation.

Based on the foregoing and the conclusion that there is no summary judgment evidence to either support a *prima facie* claim of sex discrimination claim or raise a genuine issue of material fact on pretext, the Magistrate Judge

RECOMMENDS that Defendant XL Parts, LLC's Motion for Summary Judgment (Document No. 17) be GRANTED and that Plaintiff's claim(s) be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 26th day of April, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE